Robert W. Ray, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
rray@zeklaw.com
rguttmann@zeklaw.com

*Attorneys for Plaintiff Selim "Sam" Zherka*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELIM "SAM" ZHERKA,<br><br>        Plaintiff,<br><br>  - against –<br><br>WILLIAM P. BARR, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>        Defendant. | Docket No.: 20 Civ.<br><br>**COMPLAINT** |

    Selim "Sam" Zherka ("Plaintiff"), by his attorneys Zeichner Ellman & Krause LLP, for his Complaint against William P. Barr, in his official capacity as Attorney General of the United States (the "Defendant"), alleges, upon information and belief, the following:

**NATURE OF THE ACTION**

    1.  This is a civil action for violation of Plaintiff's constitutional rights under the Second and Fifth Amendments to the United States Constitution.

2. Plaintiff seeks a declaration that 18 U.S.C. 922(g) is unconstitutional as-applied to Plaintiff because as a non-violent felon there is no rational or reasonable basis to deny him his right to bear arms as guaranteed under the Second Amendment.

3. Plaintiff also seeks a declaration that because Defendant refuses to implement the remedial procedure delineated in 18 U.S.C. § 925(c), the former's right to Due Process under the Fifth Amendment is being violated.

4. On or about December 22, 2015, in the United States District Court for the Southern District of New York, Plaintiff was convicted on his plea of guilty to one count of criminal conspiracy, charged under 18 U.S.C. 371, whose objects were (i) to make a false statement to a bank and (ii) to sign and file a false federal income tax return, a Class D Felony.  14 Cr. 545 (CS).

5. Plaintiff was sentenced to 37 months' imprisonment as well as to a financial fine, restitution and forfeiture.  He was released from prison on or about January 4, 2017 and served the remainder of his sentence in home confinement until on or about May 26, 2017.

6. Pursuant to 18 U.S.C. § 922(g)(1), Plaintiff as a convicted felon is categorically prohibited from acquiring, receiving or possessing a firearm despite being convicted of a non-violent felony.

7. Moreover, the ATF (defined below) refuses to implement the remedial procedure found under 18 U.S.C. § 925(c). The consequence, then, is to completely and permanently infringe on Plaintiff's right to "keep and bear Arms" guaranteed to him under the Second Amendment to the United States Constitution.

## PARTIES

8. Plaintiff Selim "Sam" Zherka is a citizen of the United States as well as a resident of one of the Counties north of New York City, within the vicinage of the White Plains U.S. Courthouse, in the State of New York.

9. Defendant William P. Barr is the Attorney General of the United States and, in that capacity, is the head of the U.S. Department of Justice, the department or agency tasked by the United States Congress with enforcing the Gun Control Act (as defined below). The Attorney General, therefore, is sued here in his official capacity only for the purpose of obtaining injunctive and declaratory relief in Plaintiff's cause of action and prayer for relief, as set forth below.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as this action arises under the Bill of Rights to the United States Constitution.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(e) because Plaintiff resides in this Judicial District, and a substantial part of the events/omissions giving rise to the claim occurred in this Judicial District.

## FACTS

12. Under the terms of his supervised release, which was for a period of three years from the date of his release from prison and which was concluded on or about May 26, 2020, Plaintiff was prohibited from possessing a firearm, ammunition, destructive device or any dangerous weapon.

13. Thereafter, under 18 U.S.C. § 922(g)(1), also known as the Gun Control Act of 1968 (the "GCA"), Plaintiff is prohibited permanently from possessing a firearm under any conditions including, but not limited to, use of a firearm at his place of residence.

14. 18 U.S.C. § 925(c) provides that an individual, such as the Plaintiff, that is prohibited from possessing a firearm under the GCA may "make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a

manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest."

15. Furthermore, § 925(c) provides that if an application is denied, the applicant "may file a petition with the United States district court for the district in which he resides for a judicial review of such denial."

16. Beginning with the fiscal year 1992 budget, however, Congress has failed to fund the program administered by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (as delegated by the Attorney General), including the application, investigation and review process relative to individuals (as opposed to corporations) outlined in paragraphs 14-15 above and as described in 27 C.F.R. § 478.144.  Thus, any application Plaintiff otherwise could make to the Attorney General or his designee would be returned, not acted upon and neither granted nor denied.

17. Absent an actual denial by the Attorney General or his designee of an otherwise properly presented application, any petition for review filed in the appropriate United States District Court would be dismissed for lack of statutory subject matter jurisdiction, pursuant to the U.S. Supreme Court's unanimous decision in *United States v. Bean*, 537 U.S. 71 (2002).

18. Accordingly, Plaintiff has no remedy or recourse under § 925(c), and the pursuit of such a statutory claim would be futile.

**<u>Plaintiff's Second Amendment Rights are Unduly and Unreasonably Burdened</u>**

19. The Second Amendment states, in relevant part, "the right of the people to keep and bear Arms, shall not be infringed." The Second Amendment thus protects the right of citizens of the United States to possess firearms.

20. The Constitutional right to possess firearms is strictly and particularly protected by the U.S. Supreme Court when it is cited in support of an individual's right to bear arms in his home, and statutes restricting that right are subject to heightened judicial scrutiny. *See District of Columbia v. Heller*, 554 U.S. 570 (2008).

21. Plaintiff's felony was a non-violent, financial crime. Plaintiff had no prior criminal convictions. His term of supervised release is completed. Prior to the instant conviction, Plaintiff was licensed to carry a firearm in New York, Connecticut, Florida and Pennsylvania.

22. Moreover, Plaintiff's conviction was for a crime that is not even remotely related to acts of criminal violence.

23. Prohibiting a non-violent felon like Plaintiff from ever possessing a firearm at his home does nothing to promote public safety or to advance any societal goals.

24. There is no rational or reasonable basis to totally and permanently restrict Plaintiff's ability to exercise his Constitutional right under the Second Amendment to possess a firearm. Accordingly, § 922(g)(1) is unconstitutional as-applied to Plaintiff, as it unduly and unreasonably restricts his Second Amendment right to bear arms.

25. Moreover, this constitutional violation is apparent because Section 925(c) has effectively been repealed and rendered inoperative as the result of Congress's refusal to fund its implementation, leaving non-violent felons like Plaintiff with absolutely no means of redress for the permanent deprivation of their Second Amendment rights.

26. Because Plaintiff has no statutory, regulatory, administrative or other recourse to obtain a firearms license, the effect of Section 922(g) as-applied to Zherka is permanently to bar him, a non-violent felon, from the right to possess a firearm in his home. This is a clear and categorical violation of his Second Amendment rights.

## **CLAIMS FOR RELIEF**

### **COUNT I**

### **(SECOND AMENDMENT TO THE U.S. CONSTITUTION)**

27. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Plaintiff's constitutional claim is that he is entitled to exercise his right to bear arms under the Second Amendment. Title 18, Unites States Code, Section 922(g) prohibits him permanently from doing so despite the fact this his felony conviction was a non-violent financial crime. There is no rational or reasonable public safety interest that is served from permanently denying Plaintiff the right to possess a firearm at his home. The Gun Control Act poses an undue and unreasonable burden on Plaintiff's rights and therefore causes him irreparable harm.

29. Accordingly, 18 U.S.C. § 922(g) is unconstitutional as-applied to Plaintiff.

## COUNT II

### (FIFTH AMENDMENT TO THE U.S. CONSTITUTION)

30. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law."

32. Plaintiff has a constitutionally protected liberty interest in, *inter alia*, his Second Amendment right to bear arms.

33. The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of procedural due process.

34. As described above, the actions of the ATF, as led by the Defendant, impermissibly prevent Plaintiff from exercising his Second Amendment rights by the former's failure and refusal to implement a procedure and provide an opportunity to be heard, pursuant to its Congressional mandate, in reviewing petitions made by felons for re-instatement of their right to bear arms.

## COUNT III

## (DECLARATORY & INJUNCTIVE RELIEF)

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. The Declaratory Judgment Act, 28 U.S.C. § 2201, grants this Court authority to declare the Plaintiff's legal rights when an actual controversy exists.

37. Plaintiff and Defendant have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in accordance with 28 U.S.C. § 2201.

38. No adequate remedy at law exists.

39. Defendant's unconstitutional and unlawful conduct will also adversely affect the rights of other non-violent convicted felons without advancing the public interest.

40. Plaintiff is entitled to injunctive relief enjoining Defendant from continuing his unconstitutional and unlawful pattern and practice of conduct as alleged in this Complaint.

41. Specifically, this Court should (i) declare 18 U.S.C. § 922(g) unconstitutional under the Second Amendment as-applied to Plaintiff, (ii) declare that the inaction of the ATF, as led by the Defendant, violates Plaintiff's rights under the Due Process Clause of the Fifth Amendment, and (iii) enjoin Defendant from preventing Plaintiff from acquiring, receiving and possessing a firearm in his home.

42. Defendant has no protectable interest in the continuation of his unconstitutional and unlawful conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Selim "Sam" Zherka prays for the following relief against Defendant Attorney General William P. Barr:

(a) Judgment that 18 U.S.C. § 922(g) impermissibly violates Plaintiff's rights under the Second Amendment to the U.S. Constitution;

(b) Declare that Defendant has violated Plaintiff's rights under the Fifth Amendment to the U.S. Constitution;

(c) Declaratory relief in the form of relief from the disabilities otherwise imposed by 18 U.S.C. § 922(g)(1);

(d) Injunctive relief in the form of an order or orders requiring that Defendant, his officers, agents, servants, employees, and attorneys, and all others in active concert or participation with Defendant, be preliminarily and/or permanently enjoined and restrained from preventing Plaintiff from acquiring, receiving and possessing a firearm in his home, including obtaining relevant licensure under State or local law;

(e) An award of Plaintiff's actual costs, disbursements, and attorneys' fees incurred in this action, as provided by law; and

(f) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 11, 2020

ZEICHNER ELLMAN & KRAUSE LLP

By: _/s/ Robert W. Ray_____
Robert W. Ray
Robert Guttmann
*Attorneys for Plaintiff*
 *Selim "Sam" Zherka*
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400