**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 25, 2020

**By ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

     Re:    *Zherka v. Barr*, No. 20 Civ. 7469 (PMH)

Dear Judge Halpern:

     This Office represents Defendant William P. Barr in his official capacity as United States Attorney General in the above-referenced action, in which Plaintiff Selim "Sam" Zherka challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. Pursuant to Rule 4.C.ii of the Court's Individual Practices, the Government sent a pre-motion letter to Plaintiff on November 17, 2020, and received a response on November 24, 2020, in which Plaintiff indicated that he opposed the motion to dismiss on legal grounds but did not believe that the motion would be resolved by any amendment of the pleading. Pursuant to Rules 2.C and 4.C.iii of the Court's Individual Practices, the Government now writes to request a pre-motion conference regarding its motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6).

     Per his Complaint, Plaintiff pleaded guilty in the Southern District of New York to criminal conspiracy under 18 U.S.C. § 371 on or about December 22, 2015. Plaintiff was sentenced to 37 months of imprisonment as well as fines, restitution, and forfeiture. Plaintiff was incarcerated from his September 18, 2014 arrest, *see United States v. Sisti et al.*, 14-cr-545 (S.D.N.Y.) (Sept. 18,

2014 minute entry), until on or about January 4, 2017, and served the remainder of his sentence in home confinement until May 26, 2017.

Pursuant to 18 U.S.C. § 922(g)(1), "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," to ship, transport, possess, or receive any firearm in or affecting interstate or foreign commerce. Plaintiff challenges this bar to his possession of a firearm as violating the Second and Fifth Amendments to the United States Constitution as applied to him.

Plaintiff's challenge fails on both grounds. Plaintiff, having been convicted of a serious federal felony, is not within the class of law-abiding citizens protected by the Second Amendment. And even if he were, Section 922(g)(1) would survive intermediate scrutiny both broadly and as applied to him. Meanwhile, the legislative classification banning serious felons from firearm possession easily satisfies the due process test set forth by the Supreme Court.

Prohibition of Plaintiff's Possession of Firearms Does Not Violate the Second Amendment

Plaintiff's Second Amendment challenge asserts that Section 922(g)(1) is unconstitutional as applied to him, a nonviolent felon. That challenge lacks merit. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," but "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 592, 626 (2008). Rather, the right belongs only to "law-abiding, responsible citizens," so "longstanding prohibitions on the possession of firearms by felons and the mentally il," are permitted "exceptions" to the protected right to bear arms. *Id.* at 626, 635.

Although the Second Circuit has not directly confronted the constitutionality of Section 922(g)(1) post-*Heller*, several courts of appeals have recognized that "conviction of a felony necessarily removes one from the class of 'law-abiding, responsible citizens' for the purposes of

the Second Amendment." *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017); *see also United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (per curiam); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). On that basis alone, Plaintiff's claims should be dismissed.

Even if plaintiff were correct that the Second Amendment is implicated here because he only pled guilty to a non-violent felony, the restrictions Section 922(g)(1) imposes on non-violent felons would survive the intermediate scrutiny required by this Circuit's precedent. *See, e.g.*, *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 128 (2d Cir. 2020) (reviewing New York's "good moral character" requirement for an at-home gun permit and holding, "Given that the impact of the New York licensing regime on law-abiding, responsible citizens is modest, we conclude that intermediate scrutiny is the highest level of review potentially appropriate in this case"). Under intermediate scrutiny, Section 922(g)(1) need only be substantially related to the achievement of an important governmental interest. Section 922(g)(1) passes that test given the government's interest in preventing crime by keeping arms away from those who cannot be trusted to bear arms responsibly. *See, e.g.*, *Stimmel v. Sessions*, 879 F.3d 198, 210 (6th Cir. 2018) (affirming constitutionality of Section 922(g)(1) as applied to non-violent felons); *Scroggins*, 599 F.3d at 451 (5th Cir.) (same); *Rozier*, 598 F.3d at 771 (11th Cir.) (same); *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (same); *In re U.S.*, 578 F.3d 1195, 1200 (10th Cir. 2009) (same).

Plaintiff argues that the Second Amendment requires an individual evaluation of each felon's circumstances and that restrictions should only be upheld upon a particularized showing that the felon is dangerous. Yet no court of appeals has ever sustained an as-applied challenge to Section 922(g)(1) on the grounds urged by Plaintiff. In fact, only one appellate court has ever found Section 922(g)(1) unconstitutional as applied, and the circumstances in which the Third

Circuit did so are not present here. *See Binderup v. Attorney General*, 836 F.3d 336 (3d Cir. 2016) (en banc). Specifically, the Third Circuit addressed section 922(g)(1) as applied to two state-law misdemeanants who did not receive sentences of incarceration, while this case involves an individual convicted of a federal felony who served more than two years in prison. *Id.* And the Third Circuit still recognized that individuals convicted of serious crimes, whether violent or non-violent, may constitutionally be disarmed. *See Binderup*, 836 F.3d at 349 (Ambro, J.); *id.* at 387 (Fuentes, J., concurring in part, dissenting in part, and dissenting from the judgments). The Third Circuit has since confirmed "that laws restricting firearm possession by convicted felons are valid . . . in the context of tax fraud." *Folajtar v. Attorney General*, No. 19-1687, 2020 WL 6879007, at *1 (3rd Cir. Nov. 24, 2020).

In short, Plaintiff has removed himself from the category of law-abiding citizens and, accordingly, the protection of the Second Amendment. Even if Plaintiff could mount a Second Amendment challenge to Section 922(g)(1), the statute survives intermediate scrutiny under this Court's precedent given the substantial interest in keeping firearms away from convicted federal felons. Accordingly, the Court should reject Plaintiff's Second Amendment challenge.

The Absence of Relief from Section 922(g)(1) Does Not Violate the Fifth Amendment

Plaintiff's due process challenge is also meritless. Plaintiff challenges the fact that the process set forth in 18 U.S.C. § 925(c) to allow individuals to petition the attorney general for relief from federal firearm possession bans has been defunded since 1992. Plaintiff argues that this foreclosure of relief deprives him of due process. Yet the Supreme Court has held that, under the Due Process Clause, legislative classifications such as Section 922(g)(1) need only survive rational basis review: "whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a

particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule." *Black v. Snow*, 272 F. Supp. 2d 21, 29-30 (D.D.C. 2003), *aff'd*, 110 F. App'x 130 (D.C. Cir. 2004) (rejecting similar challenge) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 777 (1975)).

That is precisely the determination Congress has made. Congress adopted a categorical firearms disqualification as a "prophylactic" measure. *Dickerson*, 460 U.S. at 118. While Congress previously allowed individuals to apply for relief under section 925(c), it abandoned that approach after finding that "too many of the[] felons whose gun ownership rights were restored went on to commit violent crimes with firearms." H.R. Rep. No. 104-183, at 15. This occurred despite ATF spending "approximately 40 man-years . . . annually to investigate and act upon these investigations and applications." S. Rep. No. 102-353, at 19-20. In other words, "Congress tried [Plaintiff's] way of doing things and concluded that it was too error-prone to support the government's objective of preventing armed violence." *Binderup*, 836 F.3d at 403 (Fuentes, J., concurring in part and dissenting in part).

For these reasons, the Government intends to move to dismiss the Complaint.

I thank the Court for its consideration.

                Respectfully,

                AUDREY STRAUSS
                Acting United States Attorney
                Southern District of New York

By:    /s/ *Lucas Issacharoff*
      Lucas Issacharoff
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2737
      Email: Lucas.Issacharoff@usdoj.gov