# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

ROBERT W. RAY
(212) 826-5321
rray@zeklaw.com

WWW.ZEKLAW.COM

July 16, 2021

**BY ECF**

Honorable Philip M. Halpern
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   *Zherka v. Garland*, 20 Civ. 7469 (PMH)

Dear Judge Halpern:

The undersigned represents plaintiff Selim "Sam" Zherka in the above-referenced action. We write to advise the Court of a recent split panel decision this week from the Fourth Circuit in *Hirschfeld, et al. v. Bureau of Alcohol, Firearms, Tobacco & Explosives, et al.,* No. 19-2250, slip op. (4th Cir. July 13, 2021) (available at https://www.ca4.uscourts.gov/opinions/192250.P.pdf). In *Hirschfeld*, the Fourth Circuit vacated the district court's grant of a motion to dismiss and held that federal restrictions on the rights of 18-20 year olds to purchase firearms from licensed dealers violate the Second Amendment.

Notably, the *Hirschfeld* Court found that the Supreme Court's *dicta* in *Dist. of Columbia v. Heller*, 554 U.S. 570, 592–95, 628 (2008) – regarding presumptively valid "longstanding" restrictions on the right to bear arms – does not create a "standalone exception to the Second Amendment" nor does it "exempt [challenged laws] from Second Amendment scrutiny based solely on how long similar laws have existed." *Id.* at 18. Also noteworthy is the panel majority's footnote 6 which questions the constitutional validity of categorical bans on gun ownership, including those against non-violent felons:

> Though we follow [the Supreme Court's] framework, one might question relying on the list in *Heller* to carve out exceptions to the Second Amendment. *See, e.g.*, *Kanter v. Barr*, 919 F.3d 437, 453–54 (7th Cir. 2019) (Barrett, J., dissenting) (rejecting reliance on the *Heller* list).

*Id.* at 13 n.6.

NEW YORK  |  CONNECTICUT  |  NEW JERSEY  |  WASHINGTON, D.C.  |  TEL AVIV

Zeichner Ellman & Krause LLP

Honorable Philip M. Halpern
July 16, 2021
Page 2

    Finally, citing the Third Circuit's en banc decision in *Binderup* with approval, the *Hirschfeld* Court noted that simply because a restriction on gun ownership was "presumptively" valid does not mean that such a presumption could not be rebutted. *Id.* at 18 n.9 (citing *Binderup v. U.S. Att'y Gen.*, 836 F.3d 336, 350–51 (3rd Cir. 2016) (en banc) (plurality opinion) (holding that presumptions from *Heller*'s list may be rebutted because "[u]nless flagged as irrebuttable, presumptions are rebuttable")).

    Such a rebuttal presumably would occur not earlier than the summary judgment stage of the proceedings based upon the historical record and the record of the case in order to overcome the presumption. *See Hirschfeld, supra,* slip op. at 19 n.9 (citing *Heller (II) v. Dist. of Columbia*, 670 F.3d 1244, 1254-55 (D.C. Cir 2011)); *Hirschfeld, supra*, slip op. at 9, 83 (also reversing district court's denial of plaintiffs' motion for summary judgment).

            Respectfully submitted,

            /s/ Robert W. Ray

            Robert W. Ray

cc:  AUSA Lucas Issacharoff, Esq. (By ECF)