

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 22, 2021

**By ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Zherka v. Garland*, No. 20 Civ. 7469 (PMH)

Dear Judge Halpern:

      This Office represents Defendant Merrick Garland in his official capacity as United States Attorney General in the above-referenced action, in which Plaintiff Selim "Sam" Zherka challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him.  I write in response to Plaintiff's July 16, 2021 letter (Dkt. No. 18) regarding *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, No. 19-2250, 2021 WL 2934468 (4th Cir. July 13, 2021).

      The Supreme Court in *Heller* stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and certain other measures. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  Plaintiff is correct that the Fourth Circuit held that this language did not create a separate category of presumptively lawful regulations simply for being "longstanding." *See Hirschfeld*, 2021 WL 2934468, at *7-8.  However, that is irrelevant to the case before this Court because Plaintiff Zherka challenges the ban on felon possession itself, the very first presumptively lawful regulatory measure explicitly identified in *Heller*.  And the *Hirschfeld* Court repeatedly distinguished the ban on firearm

purchases by 18- to 20-year-olds from the felon possession ban. *See id.* at *24 ("The idea that 18- to 20-year-olds are not virtuous in the same manner as felons is a strange contention. Why would the federal government and every state require unvirtuous people to have guns and be in a militia? *Especially if being unvirtuous means that you can, and probably should, be disarmed*? It is also odd considering that this group has most other rights, while at least some of those rights are circumscribed for felons." (emphasis added)); *id.* at *32 (justifying holding in part on basis that "it is already illegal for felons . . . to buy firearms from licensed dealers").

*Hirschfeld*, unlike the unanimous circuit court opinions rejecting challenges brought by felons to 18 U.S.C. § 922(g)(1), is thus inapposite. Neither *dicta* footnote cited by Plaintiff alters that conclusion. Regardless of the *Hirschfeld* Court's musings about whether courts should rely on the list of presumptively lawful measures in *Heller*, *see* 2021 WL 2934468 at *6 n.6, the Second Circuit has incorporated *Heller*'s identification of the scope of the Second Amendment right into its framework for evaluating Second Amendment challenges, *see* Gov. Br., Dkt. No. 13, at 8 (discussing *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 127 (2d Cir. 2020)). And although a plurality of the Third Circuit in *Binderup* indicated that the presumption of a regulatory measure's validity might be rebutted, *see Hirschfeld*, 2021 WL 2934468 at *8 n.9 (discussing *Binderup v. Att'y Gen. U.S. of Am.*, 836 F.3d 336, 350-51 (3d Cir. 2016) (en banc) (plurality opinion)), that did not stop the Third Circuit from subsequently upholding the grant of a motion to dismiss a challenge identical to Plaintiff's, *see Folajtar v. Attorney General of the U.S.*, 980 F.3d 897 (3rd Cir. 2020), *cert. denied sub nom. Folajtar v. Garland*, 20-812, 2021 WL 1520793 (U.S. Apr. 19, 2021).

I thank the Court for its consideration.

                                          Respectfully,

                                          AUDREY STRAUSS
                                          United States Attorney for the
                                          Southern District of New York

By:    _/s/ *Lucas Issacharoff*_
                                          Lucas Issacharoff
                                          Assistant United States Attorney
                                          86 Chambers Street, Third Floor
                                          New York, New York 10007
                                          Tel.: (212) 637-2737
                                          Email: Lucas.Issacharoff@usdoj.gov