

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

July 30, 2021

**By ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Zherka v. Garland*, No. 20 Civ. 7469 (PMH)

Dear Judge Halpern:

This Office represents Defendant Merrick Garland in his official capacity as United States Attorney General in the above-referenced action, in which Plaintiff Selim "Sam" Zherka challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. I write to inform the Court of the Second Circuit's recent majority decision in *United States v. Perez*, 19-620-cr (2d Cir. July 29, 2021).[1]

In *Perez*, the Second Circuit a criminal defendant's as-applied challenge to his conviction under 18 U.S.C. § 922(g)(5), which prohibits "an alien . . . illegally or unlawfully in the United States" 14 from "possess[ing] . . . any firearm or ammunition" in or affecting commerce. Following the Second Circuit's practice, the Court assumed without deciding that Section

---

[1] Judge Walker wrote for the majority, with Judge Carnes joining in the opinion. Judge Menashi, concurring, would have held that, as an undocumented immigrant, the defendant possessed no Second Amendment rights. Judge Menashi went on, in the *dicta* of his concurrence, to opine that Section 922(g) may be unconstitutional as applied to non-violent felons, adopting the reasoning of Justice Barrett's dissent in *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019).

922(g)(5) implicated rights guaranteed by the Second Amendment and proceeded to apply the Circuit's Second Amendment framework.

In determining whether Section 922(g)(5) affected the "core" of the Second Amendment, the Court noted the Second Circuit had previously "emphasized that whether the possessor is 'law-abiding and responsible' is critical to determining whether an interest falls within the core right." Slip. Op. at 12 (quoting *United States v. Jimenez*, 895 F.3d 228, 235 (2d Cir. 2018)).  Holding that Perez was not "a law-abiding, responsible citizen" (like those the Supreme Court identified as possessing the Second Amendment right in *Heller*) because he had broken the law by entering the United States illegally, the Court determined that Section 922(g)(5) did not implicate conduct at the core of the Second Amendment,[2] and went on to apply intermediate scrutiny. *Id.* at 13-14.

Considering the rationales put forward by the Government, the Court noted that "the government has an obvious interest in prohibiting the possession of firearms by those who are not, as *Heller* put it, 'law abiding.'" *Id.* at 17.  "Congress has every right to 'conclude[] that those who show a willingness to defy our law are candidates for further misfeasance or at least a group that ought not be armed when authorities seek them.'" *Id.* (quoting *United States v. Huitron-Guizar*, 678 F.3d 1164, 1170 (10th Cir. 2012)).  The Court went on to specifically discuss felons in rejecting Perez's argument that Section 922(g)(5) was overbroad:

> As to Perez's assertion that § 922(g)(5) is overbroad, we acknowledge that many undocumented immigrants have never committed a crime of violence and that many could be trusted with a firearm.  But the same can be said for felons and people with a mental illness who have not committed a violent offense, groups also barred from possessing firearms.  Congress is "better equipped than the judiciary to make sensitive public policy judgments" regarding the dangers posed by firearm possession and how to mitigate those risks.  The legislative measures it enacts to reduce those dangers, such as § 922(g)(5), need not be the least restrictive means of achieving that objective when reviewed under intermediate scrutiny.

---

[2] The Court also noted that Perez had been arrested for firing his weapon outdoors rather than inside the home. *Id.* at 13.

Accordingly, the Court concluded that Section 922(g)(5) did not substantially burden Perez's Second Amendment rights and affirmed his conviction.

I thank the Court for its consideration.

Respectfully,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:   /s/ *Lucas Issacharoff*
Lucas Issacharoff
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2737
Email: Lucas.Issacharoff@usdoj.gov